902 F.2d 28
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
William DOWNS, Plaintiff-Appellant,
v.
Lauro F. CAVAZOS, Secretary, United States Department of
Education, Defendant-Appellee,
and
M. Peter MCPHERSON, Acting Secretary, United States
Department of the Treasury; United States Student Aid Fund,
Inc.; Internal Revenue Service, both instrumentalities of
the United States of America, Defendants.
 No. 89-2772.
 United States Court of Appeals, Fourth Circuit.
 Argued March 5, 1990.
Decided April 13, 1990.
Rehearing and Rehearing In Banc Denied June 4, 1990.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Norman P. Ramsey, District Judge. (CA-88-2662-R)
 Edward Lee Blanton, Jr., Blanton & McCleary, Baltimore, Md., argued for appellant.
 Ira C. Lupu, Appellate Staff, Civil Division, United States Department of Justice, Washington, D.C., for appellee;
 Stuart M. Gerson, Assistant Attorney General, William Kanter, Appellate Staff, Civil Division, United States Department of Justice, Washington, D.C.; Elizabeth Harris, Office of General Counsel, United States Department of Education, Washington, D.C.; Breckinridge L. Willcox, United States Attorney, Larry D. Adams, Assistant United States Attorney, Baltimore, Md., on brief.
 D.Md.
 AFFIRMED.
 Before MURNAGHAN, Circuit Judge, BUTZNER, Senior Circuit Judge, and KAUFMAN, Senior United States District Judge for the District of Maryland, sitting by designation.
 PER CURIAM:
 
 
 1
 William Downs seeks a declaration in this appeal that 31 U.S.C. Sec. 3720A and 26 U.S.C. Sec. 6402(d) deprive him of his Seventh Amendment right to a jury trial. The two statutes direct federal agencies to refer debts owed the federal government to the Secretary of the Treasury and authorize the Secretary to collect the debts by keeping any tax refunds debtors would otherwise receive. In this case Downs's 1986 tax refund was retained to satisfy an educational debt he owed the Department of Education.
 
 
 2
 The district court granted summary judgment on the Seventh Amendment issue as well as Downs's other constitutional challenges to the statutes. Because we find no merit in Downs's appeal, we affirm for reasons adequately stated by the district court. See Downs v. McPherson, C/A No. 88-2662-R (D.Md. July 17, 1989).
 
 
 3
 AFFIRMED.